IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY J. WILLIBY,

    Plaintiff,                    No. CIV S-04-2560 DFL JFM P

    vs.

JEANNE S. WOODFORD, et al.,

    Defendants.              <u>ORDER</u>

                                  /

        Plaintiff is a former state prisoner proceeding pro se.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

---

[1] Plaintiff filed this action while incarcerated. He has since been released from prison. <u>See</u> Notice of Change of Address filed February 15, 2005.

1

1  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
2  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
3  U.S.C. § 1915A(b)(1),(2).
4        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
6  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
9  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
10 Cir. 1989); Franklin, 745 F.2d at 1227.
11       A complaint, or portion thereof, should only be dismissed for failure to state a
12 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
13 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
14 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
15 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
16 complaint under this standard, the court must accept as true the allegations of the complaint in
17 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
18 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
19 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
20       In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court
21 of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with
22 redundancy, and largely irrelevant.  It consists largely of immaterial background information."
23 The court observed the Federal Rules require that a complaint consist of "simple, concise, and
24 direct" averments.  Id.
25       Plaintiff's complaint suffers from many of the same problems as the pleading
26 dismissed in McHenry: there is much material that is "argumentative" and "largely irrelevant" to

any claim that might be cognizable in this action.  Particularly noticeable in this regard are plaintiff's allegations concerning alleged failure of CDC officials to enforce regulations proscribing sex between inmates and the alleged practice of allowing homosexual inmates to choose their own cellmates, which appear unrelated to other allegations contained in the complaint.  As in <u>McHenry</u>, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."  <u>Id</u>. at 1179.

       For the foregoing reasons, the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  He must not, however, fill his pleading with irrelevant and argumentative material unrelated to any potential constitutional claim.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Claims arising under 42 U.S.C. § 1983 must be predicated on violations of federal law; violations of state law, including state regulations, do not form the basis for a cognizable § 1983 claim.  <u>See</u> 42 U.S.C. § 1983.  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

1  Furthermore, vague and conclusory allegations of official participation in civil rights violations

2  are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5  amended complaint be complete in itself without reference to any prior pleading.  This is

6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9  original complaint, each claim and the involvement of each defendant must be sufficiently

10  alleged.

11         In accordance with the above, IT IS HEREBY ORDERED that:

12         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

13         2.  Plaintiff's complaint is dismissed.

14         3.  Plaintiff is granted thirty days from the date of service of this order to file an

15  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

16  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

17  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

18  an original and two copies of the amended complaint; failure to file an amended complaint in

19  accordance with this order will result in a recommendation that this action be dismissed.

20  DATED:  August 25, 2005.

                                    UNITED STATES MAGISTRATE JUDGE

24  12
25  will2560.14