IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY J. WILLIBY,

       Plaintiff,                  No. CIV S-04-2560 DFL JFM P

      vs.

JEANNE S. WOODFORD, et al.,

       Defendants.         <u>ORDER</u>

                 /

        Plaintiff is a former state prisoner on parole proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed August 26, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. After receiving two extensions of time, plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint, or portion thereof, should only be dismissed for failure to state a
9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13  complaint under this standard, the court must accept as true the allegations of the complaint in
14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  Plaintiff names thirty-three defendants in his amended complaint.  Allegations
18  against defendants are grouped into paragraphs in section IV(10) of the amended complaint.  In ¶
19  A of that section, plaintiff alleges that defendants Woodford, Kanan, Carey, Traquina, McIntyre,
20  Kurk, Cheung, and Sheehan failed to provide or authorize required dental work.  Based on these
21  allegations, plaintiff raises claims of a violation of his Eighth Amendment rights and a pendent
22  state law negligence claim.  The allegations of this paragraph are sufficient to state cognizable
23  claims for relief and the court will order service on said defendants.

24  In ¶ B of that section, plaintiff alleges that defendants Carey, Brumfield, Johns,
25  Moser, Robinson, Knudsen, Chirilla, Whitson, Ferguson, Whitfield, Soliz, Coyle, Holyfield,
26  Fabela, Howard, Sheppared, Boyd, failed to protect plaintiff from excessive force allegedly

inflicted by defendant Whitfield in November 2002, that he was "subjected to threats" by defendants Whitfield, Soliz, Knudsen, Chirilla, Whitson, Ferguson, Coyle, Holyfield, Fabela, Howard, Sheppard, and Boyd, and harassment by defendants Whitfield, Soliz, Knudsen, Chirilla, Coyle, Holyfield, Fabela, Howard, Sheppard, Murray, and Groeneweg, Boyd, Whitson, Fabela, and Moore. Pliantiff also alleges that defendants Thompson, Guzman, Brennegan, Whitson, and Fabela interefered with his constitutional right to access the courts, thereby preventing plaintiff from prosecuting his criminal appeal, habeas corpus action, this action, and a civil rights action filed in the United States District Court for the Northern District of California.

None of the foregoing allegations state a cognizable claim for relief. In a subsequent section of the complaint, plaintiff sets forth a specific claim of excessive force and/or failure to protect from that use of force against defendants Whitfield, Knudsen, Chirilla, and Soliz. (Amended Complaint, filed December 20, 2005, at ¶ IV(10)(G).) The vague and conclusory reference to this alleged incident and involvement of thirteen other defendants is insufficient to state a cognizable claim for relief against those thirteen individuals. The court will not, therefore, order service of process on said individuals. Similarly, the allegations of threat and harassment are too vague and conclusory to state a cognizable claim for relief and the court will not order service of process on any defendant based on the allegations raised in ¶ IV(10)(B).

The final set of allegations in this paragraph are that several defendants interfered with plaintiff's constitutional right of access to the courts by consficating his legal property, thereby interfering with his ability to prosecute his criminal appeal, habeas corpus action, this action, and another civil rights action filed in the United States District Court for the Northern District of California. Similar allegations are raised in ¶ VI(10)(F), wherein plaintiff alleges that the legal material was confiscated in retaliation for plaintiff's exercising his right to access the courts and the inmate grievance procedure. The allegations of retaliation are too vague and conclusory to state a cognizable retaliation claim in this § 1983 action.

/////

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. In order to state a cognizable claim for violation of this right, plaintiff must allege facts which support a finding that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type. Id. at 356.

Plaintiff has not been prevented from litigating this action by any acts or omissions of state correctional officials. Moreover, review of court records in the United States District Court for the Northern District of California[1] shows that plaintiff's federal habeas corpus action was denied on the merits on September 20, 2005. (Order filed September 20, 2005 in Williby v. Carey, No. C 02-3628 JSW (PR).) That order also demonstrates that plaintiff pursued a direct appeal from his criminal conviction at both levels of appellate review in the state court system. (Id., passim.) In addition, court records from the United States District Court for the Northern District of California also show that the civil rights action to which plaintiff refers was also resolved on the merits on motions to dismiss and for summary judgment. (Order filed January 13, 2006 in No. C 02-0107 JSW (PR).)

For the foregoing reasons, plaintiff cannot show that the alleged confiscation of legal material caused actual injury to his right to access the courts and the court will not order service of process on any defendant named in connection therewith. Moreover, plaintiff is cautioned that his allegations to the contrary might constitute a violation of Rule 11 of the Federal Rules of Civil Procedure and that mispresentations of facts material to claims raised in this action will not be tolerated. The court will not order service of process on the defendants identified in paragraphs IV(10)(B) involved with alleged confiscation of plaintiff's legal material, or on any named defendant on the basis of allegations contained in paragraph IV(10)(F).

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Paragraphs IV(10)(C) and (IV)(10)(D) contain a laundry list of alleged improprieties by defendants named therein, including improper issuance of rules violation reports, classification decisions, placement in administrative segregation, transfers, and subjecting plaintiff to numerous unconstitutional conditions of confinement. There are no allegations of specific acts or omissions by any named defendant. Plaintiff has previously been advised that vague and conclusory allegations against individual defendants are insufficient to state cognizable claims for relief in this § 1983 action. The court will not order service of process on any defendant on the basis of allegations in either of these paragraphs.

The court will order service of process on defendants Knudsen, Whitfield, Chirilla, and Soliz on the basis of the allegations contained in paragraph IV(10)(E) and (G) of the amended complaint. These allegations, if proved, may entitled plaintiff to relief in this § 1983 action.

Finally, in paragraph IV(10)(H) plaintiff claims that defendant Woodford violated plaintiff's Eighth Amendment rights by failing to provide plaintiff with post-parole services, including medical, dental, housing, or employment services. The Eighth Amendment does not give rise to such a duty in state corrections officials. These allegations do not state a cognizable claim for relief and defendant Woodford will not be required to respond to the claim arising from those allegations.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Woodford, Kanan, Carey, Traquina, McIntyre, Kurk, Cheung, Sheehan, Knudsen, Whitfield, Chirilla, and Soliz.

2. The Clerk of the Court shall send plaintiff twelve USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed December 20, 2005.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

/////

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for each defendant listed in number 1 above; and

        d. Thirteen copies of the endorsed amended complaint filed December 20, 2005.

    4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: March 9, 2006.

                /s/ John F. Moulds
                UNITED STATES MAGISTRATE JUDGE

12
will2560.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY J. WILLIBY,

    Plaintiff,                      No. CIV S-04-2560 DFL JFM P

    vs.

JEANNE S. WOODFORD, et al.,      NOTICE OF SUBMISSION

    Defendants.                 OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____    completed summons form

    _____    completed USM-285 forms

    _____    copies of the _____
                            Amended Complaint

DATED:

                                                  _____
                                                  Plaintiff