IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY J. WILLIBY,

    Plaintiff,

vs.

JEANNE S. WOODFORD, et al.,

    Defendants.

No. CIV S-04-2560 DFL JFM P

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

/

    Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the following claims in plaintiff's amended complaint: Eighth Amendment and pendent state law negligence claims arising from allegations that defendants Woodford, Kanan, Carey, Traquina, McIntyre, Kurk, Cheung and Sheehan failed to provide or authorize required dental work; a racial discrimination claim against defendant Whitfield; and claims of racial discrimination and Eighth Amendment violations arising from allegations that defendants Whitfield, Knudsen, Chirilla and Soliz yelled racial epithets at plaintiff, used excessive force and/or failed to protect plaintiff from the use of excessive force. (<u>See</u> Orders filed March 10, 2006 and August 31, 2006.)

    This matter is before the court on defendants' motion to dismiss this action pursuant to the unenumerated portion of Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust

1

administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a). Defendants contend that plaintiff commenced this action before completing the administrative exhaustion process with respect to his dental claim, and that he did not ever present either his racial discrimination claims or his excessive force/failure to protect claims in any administrative grievance.

On April 11, 2006, plaintiff received the notice required by Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

ANALYSIS

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and that compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199. Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). See Wyatt, 315 F.3d at 1120; Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). Claims for which administrative remedies were not exhausted prior to suit should be dismissed without prejudice. See McKinney, at 1199-1200.

The California prison grievance procedure has several layers, culminating in the third, or Director's, level review. Cal. Code Regs tit. 15, §§ 3084.1- 3084.5. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims, unless a step of the grievance process is not available to plaintiff. Cal. Code Regs. tit. 15, § 3084.5. The third or "Director's Level" of

review "shall be final and exhausts all administrative remedies available in the Department [of Corrections.]"  See Cal. Dep't of Corrections Operations Manual, § 54100.11, "Levels of Review"; Brown, 422 F.3d at 929-30.  State regulations set forth time limits for responding to grievances, as follows:

> (1) Informal level responses shall be completed within ten working days.
>
> (2) First level responses shall be completed within 30 working days.
>
> (3) Second level responses shall be completed within 20 working days, or 30 working days if first level is waived pursuant to section 3084.5(a)(3).
>
> (4) Third level responses shall be completed within 60 working days.
>
> (5) Exception is authorized in the event of:
>
>> (A) Unavailability of the appellant, or staff or inmate witnesses.
>>
>> (B) Complexity of the decision, action, or policy.
>>
>> (C) Necessary involvement of other agencies or jurisdictions.
>
> (6) Except for the third formal level, if an exceptional delay prevents completion of the review within specified time limits, the appellant shall be informed in writing of the reasons for the delay and the estimated completion date.

15 Cal. Code Regs. § 3084.6(b).

In support of their contention that plaintiff failed to complete the administrative grievance process with respect to his dental claim prior to filing this action, defendants present a grievance submitted by plaintiff on May 6, 2004, complaining about inadequate dental care and requesting a root canal.  (Ex. A to Defendants' Motion to Dismiss, filed June 12, 2006, at 2.)  That grievance was partially granted at the informal level of review in that plaintiff was seen in the prison dental clinic on May 26, 2004.  (Id.)  The response to this grievance was returned to plaintiff sometime between June 1, 2004 and June 9, 2004.  (Id.)

1   On June 10, 2004, plaintiff submitted the grievance to the first formal level of
review. (Id.) The response to that grievance was returned to plaintiff on September 8, 2004. (Id.
at 3.) During that period, on July 21, 2004, plaintiff was ducated to the dental office for an
interview, and scheduled for an appointment on July 29, 2004. (Id. at 31, 35.) Plaintiff contends
that the purpose of the appointment was to have the tooth extracted, and plaintiff did not show up
for the appointment. (Id. at 31, 35.) Plaintiff was dissatisfied with the response to his grievance
at the first formal level and submitted his grievance to the second formal level of review on
September 9, 2004. (Id. at 3.) Plaintiff's appeal was denied at the second formal level of review
by memorandum dated October 12, 2004. (Id. at 37-38.) Thereafter, plaintiff pursued his
grievance to the third and final level of review, where it was denied on January 13, 2005. (Id. at
39.) This action was filed on December 2, 2004, more than a month before the final Director's
Level decision was issued.

Plaintiff makes two arguments in opposition to this part of defendants' motion to
dismiss. First, he contends that he did not raise any claim of inadequate dental treatment in this
action until the amended complaint, which was filed on December 20, 2005, after his
administrative remedies were exhausted as to these claims and, therefore, that the claims are
properly brought in this action. This contention is without merit. In Vaden v. Summerhill, 449
F.3d 1047 (9th Cir. 2006), the United States Court of Appeals held that for purposes of 42 U.S.C.
§ 1997e(a), an action is "brought" when an inmate submits his original pleadings to the court. Id.
at 1050. In McKinney, the court of appeals held that the exhaustion requirement cannot be
satisfied during the pendency of an action. McKinney, at 1200-01; see also Vaden, at 1050-51.
Taken together, these cases preclude an inmate from raising in an amended complaint a claim for
which administrative remedies were not exhausted at the time the action was brought.

Plaintiff also claims that prison officials unduly delayed responding to his
administrative grievance and therefore should not be permitted to raised the defense of failure to
exhaust administrative remedies in this action. The record reflects that plaintiff filed his

4

grievance on May 6, 2004, although the record suggests that it may not have been received in the dental department for an informal response until May 10, 2004. (Ex. A at 2.) In either event, plaintiff did not receive a written response from which he could take a further appeal until some time between June 1, 2004 and June 9, 2004, after the ten day period for informal response had expired. (Id.) Plaintiff filed his grievance at the first formal level of review on June 10, 2004. (Id.) In accordance with the applicable regulations, a response to that grievance was due on or about July 10, 2004. Plaintiff did not receive a response to this grievance until September 8, 2004, almost two months later.[1] (Id. at 3.) It appears that there were additional, albeit smaller, delays in response at each subsequent level of administrative review.

At issue was whether plaintiff would be provided with a root canal while he was incarcerated at California State Prison-Solano (CSP-Solano), or whether he would be offered only a tooth extraction by prison officials and otherwise required to wait until he paroled in January 2005 to obtain a root canal. (See, e.g., Ex. A at 11, 38-39.) In his grievance, plaintiff claimed that he had severe pain in his tooth on April 30, 2004, and was told by a dentist on May 8, 2004 that he had a dying nerve which could be addressed by a root canal, but that root canals were not provided by CSP-Solano. (Id. at 2.) The dentist told plaintiff that all he could do was extract the tooth. (Id.) Plaintiff was also told in May 2004 that a root canal could be performed upon his release from prison, which was set for January 2005. (Id. at 33, 38.) Plaintiff filed a grievance to request a root canal. The delays in processing plaintiff's administrative appeal essentially rendered the appeal moot; it was finally resolved on January 13, 2005, two days before he paroled from state prison. (See Ex. A at 1.)

In Brown v. Valoff, the United States Court of Appeals for the Ninth Circuit noted that it would "'refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances,'" and

---

[1] Moreover, the record reflects that plaintiff tried in several different ways to bring this delay to the attention of both prison officials and the state courts. See, e.g., Ex. A at 27.

that "[delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available." Id. at 943 n.18 (quoting Lewis v. Washington, 300F.3d 829, 833 (7th Cir. 2002)).  While there is no direct evidence of the motivation or intent of any prison official with respect to the delays at each level of the administrative process, the delays operated to deny plaintiff a root canal until he paroled from state prison.[2]

Had plaintiff's grievances been resolved under the time limits required by state regulations, the grievance process would have concluded well before December 2, 2004, the date on which plaintiff filed this action.  Under the circumstances of this case, the court finds that prison officials' failure to timely process plaintiff's grievance effectively rendered the administrative process unavailable to plaintiff.  The court will therefore recommend this aspect of defendants' motion be denied.

Defendants have also presented evidence that plaintiff failed to submit any inmate grievance challenging the alleged racial discrimination, excessive force, and failure to protect at issue in this action.  Specifically, defendants have presented another inmate grievance submitted by plaintiff on November 4, 2002, Log No. CSP-S-02-02184, which was resolved at the final level of review on March 24, 2004, together with evidence that plaintiff did not submit any other relevant grievances to the third and final level of administrative review during the relevant time frame. (Ex. A, at 45-47.)  Defendants contend that inmate appeal Log No. CSP-S-02-02184 did not contain any allegations that form the basis of the racial discrimination, excessive force or

---

[2] The court notes with some dismay the second level response to plaintiff's inmate grievance.  As noted above, the grievance commenced with allegations of severe tooth pain and the diagnosis of a dying nerve in plaintiff's tooth which, according to a prison dentist, could have been remedied by a root canal had the service been available through the state prison system. The second level appeal quotes state regulations which permit performance of root canal fillings on inmates "when deemed advisable by the dentist" but not where "[t]he tooth involved requires extensive restoration . . . unless retention of the tooth is essential for the overall general health of the patient." (Id. at 37.)  The second level reviewer found that plaintiff "would have adequate chewing surfaces to maintain adequate chewing function" if the affected tooth were extracted, and that plaintiff was "clearly not in need of emergency dental care considering the extended period of time" plaintiff had "argued this matter with the Dental Department." (Id. at 38.)

1  failure to protect claims at issue in this action.  In opposition to this part of defendants' motion,
2  plaintiff contends that inmate appeal Log No. CSP-02-02184 did present those claims.
3       On November 4, 2002, plaintiff submitted inmate appeal Log No. CSP-02-02184,
4  complaining that on October 31, 2001, defendant Soliz had permitted a K-9 animal to conduct a
5  search by walking on inmates' lower bunks, and that inmates had not thereafter been provided
6  with clean linen.  (Ex. A, at 40.)  On November 21, 2002, when plaintiff submitted his grievance
7  to the first formal level of review, he included allegations that he had been "threatened by C/O
8  Soliz and C/O Whitfield with a sexual harassment charge and three months ad. sea." if he did not
9  drop his grievance.  (Id.)  On or about December 19, 2002, plaintiff added additional allegations
10 to the informal section of the grievance, requesting "adverse action be taken against Sgt. Chirilla,
11 C/Os Soliz and Whitfield for retaliation against an inmate for the exercise of the appeals
12 procedure and falsifying state documents."  (Id.)  Also on December 19, 2002, plaintiff
13 contended that defendants Soliz and Whitfield had written false disciplinary charges and
14 defendant Chirilla had plaintiff placed in administrative segregation as a result thereof.  (Id. at
15 41.)  A copy of the disciplinary reports were attached to the grievance when it was submitted by
16 plaintiff to the second level of review.  (Id. at 41, 48-49.)  The disciplinary report describes an
17 incident on November 5, 2002, that arose when plaintiff's grievance was being investigated.  (Id.
18 at 48.)  The report includes a description of plaintiff being placed in handcuffs by defendant
19 Whitfield and complaining that the handcuffs were too tight.  (Id.)[3]
20      Inmate appeal Log No. CSP 02-02184 was denied at the Director's Level on
21 March 24, 2003.  (Id. at 45.)  The memorandum denying the grievance noted that plaintiff's
22 "request that staff receive adverse action is beyond the scope of the appeal process and is
23 denied."  (Id.)
24 /////
25
26      [3] Plaintiff was found not guilty of the disciplinary charges.  (Id. at 49.)

7

1 | After careful review of the allegations of paragraphs 10(E) and (G) of the
2 | amended complaint, from which the claims at issue arise, and the documents filed in connection
3 | with inmate grievance Log No. CSP 02-02184, the court finds that the grievance was not
4 | sufficient to exhaust plaintiff's claims of racial discrimination against any of the defendants.
5 | Simply put, there are no allegations of racial discrimination or use of racial epithets in any of the
6 | documents included in the administrative grievance process. Accordingly, these claims should
7 | be dismissed without prejudice. See McKinney, 311 F.3d at 1199-1200.

8 | The court also finds that the grievance was insufficient to exhaust plaintiff's
9 | claims of excessive force and failure to protect from the use of such force. It is true that the
10 | claims in the instant action arise from the alleged forced use in putting plaintiff in handcuffs on
11 | November 5, 2002, and although the disciplinary report written by defendant Whitfield indicates
12 | that plaintiff complained to him that the handcuffs were too tight. (See Amended Complaint at
13 | 14; Ex. A at 48.) However, plaintiff's administrative grievance about the November 5, 2002
14 | incident focused on alleged retaliation by defendants Soliz, Whitfield, and Chirilla and plaintiff
15 | did not raise any complaints of alleged excessive force in his grievance. (See Ex. A at 40-41.)
16 | Accordingly, these claims should also be dismissed without prejudice. See McKinney, at 1199-
17 | 1200.

18 | In accordance with the above, IT IS HEREBY ORDERED that:
19 | 1. Plaintiff's June 27, 2006 motion to strike defendants' motion to dismiss is
20 | construed as an opposition to the motion to dismiss; and
21 | IT IS HEREBY RECOMMENDED that:
22 | 1. Defendants' June 12, 2006 motion to dismiss be granted in part and denied in
23 | part;
24 | 2. Plaintiff's claims of racial discrimination, excessive force, and failure to
25 | protect raised against defendants Whitfield, Knudsen, Chirilla and Soliz be dismissed without
26 | prejudice for failure to exhaust administrative remedies prior to suit;

8

      3. This action proceed solely on plaintiff's Eighth Amendment and pendent state law negligence claims arising from allegations that defendants Woodford, Kanan, Carey, Traquina, McIntyre, Kurk, Cheung and Sheehan failed to provide or authorize required dental work;

      3. Defendants Woodford, Kanan, Carey, Traquina, McIntyre, Kurk, Cheung and Sheehan be required to answer, within ten days from the date of any order by the district court adopting these findings and recommendations, plaintiff's Eighth Amendment and pendent state law negligence claims arising from their alleged failure to provide or authorize required dental work; and

      4. Plaintiff's July 24, 2006 motion for Rule 11 sanctions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 26, 2007.

                                                 UNITED STATES MAGISTRATE JUDGE

12; will2560.mtd