IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY J. WILLIBY,

     Plaintiff,                       No. 2:04-cv-2560 JAM JFM (PC)

    vs.

JEANNE S. WOODFORD, et al.,

     Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's Eighth Amendment and pendent state law negligence claims, raised in his first amended complaint filed December 20, 2005, arising from allegations that defendants Woodford, Kanan, Carey, Traquina, McIntyre, Kurk, Cheung and Sheehan failed to provide or authorize required dental work. <u>See</u> Order filed March 20, 2007, at 2. This matter is before the court on cross-motions for summary judgment.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
2  1436 (9th Cir. 1987).

3  In the endeavor to establish the existence of a factual dispute, the opposing party
4  need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
5  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
6  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
7  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
8  genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
9  committee's note on 1963 amendments).

10  In resolving the summary judgment motion, the court examines the pleadings,
11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
12  any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
13  477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
14  court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
15  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
16  produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen
17  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
18  1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
19  show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
20  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
21  'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

22  On April 11, 2006, the court advised plaintiff of the requirements for opposing a
23  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154
24  F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
25  Eikenberry, 849 F.2d 409 (9th Cir. 1988).
26  /////

ANALYSIS

I. Facts[1]

At all times relevant to this action, plaintiff was a state prisoner incarcerated at California State Prison-Solano (CSP-Solano). On April 30, 2004, plaintiff requested emergency dental treatment for a toothache in his lower right molar. On May 4, 2004, plaintiff was seen by defendant G. Cheung, D.D.S. and referred for an x-ray. Defendants contend plaintiff was examined by defendant Cheung; plaintiff contends that he was only interviewed by defendant Cheung.

On May 6, 2004, plaintiff was examined by defendant P. Sheeran, D.D.S. and x-rays were taken. Defendant Sheeran found that "plaintiff's tooth # 30 was loose, possibly fractured, and had periodontal disease confirmed by an 8 millimeter distal pocket." Defendants' Ex. C, Declaration of P. Sheeran, filed January 8, 2008 (Sheeran Declaration), at ¶ 6. Plaintiff avers that defendant Sheeran "diagnosed a dying tooth nerve needing a root canal." Affidavit of Harry J. Williby in Opposition to the Defendants' Motion for Summary Judgment, filed January 15, 2008 (Williby Affidavit), at ¶ 11. Defendant Sheeran recommended extraction of the tooth because it did not meet the criteria set forth in California Department of Corrections and Rehabilitation (CDCR) policy for a root canal. Sheeran Declaration at ¶ 7. Although root canals can be provided to inmates in the California Department of Corrections and Rehabilitation (CDCR) when recommended by a dentist, CDCR policy provides that root canals should not be performed "if: (1) The tooth involved requires extensive restoration; (2) Other missing teeth in the same arch are to be replaced with a removable prosthesis; (3) Other teeth in the same arch are of questionable prognosis; or (4) The tooth concerned is not essential to maintain the integrity of the arch." Id. at ¶ 9. Defendant Sheeran determined that a root canal on plaintiff's tooth would have required a crown, considered extensive restoration, to prevent the tooth from fracturing and

---

[1] Except as expressly noted, the following facts are undisputed.

4

that the tooth was "not considered essential to maintain the integrity of plaintiff's arch." Id. at ¶¶ 10-11. For that reason, defendant Sheeran recommended extraction of the tooth. Id. at ¶ 12. Plaintiff refused to follow defendant Sheeran's recommendation. Plaintiff's refusal was witnessed by defendant Kurk.

Plaintiff was seen in the dental clinic on May 17, 2004, May 19, 2004, and May 26, 2004. On May 26, 2004, plaintiff was examined by defendant Kurk. Defendant Kurk made the same diagnosis and the same recommendation as defendant Sheeran. Defendants' Ex. E, Declaration of S. Kurk, filed January 8, 2008 (Kurk Declaration), at ¶¶ 15-17. Plaintiff again refused to have his tooth extracted.

Plaintiff filed a grievance from the refusal to provide a root canal. On July 21, 2004, plaintiff was interviewed by defendant Cheung in connection with plaintiff's appeal. Thereafter, defendant McIntyre partially granted plaintiff's appeal at the first level of review in a decision that said plaintiff would be given a "priority ducat" for dental care. On September 9, 2004, plaintiff declined further treatment. Plaintiff appealed that decision to the second level of review. On October 12, 2004, defendant Traquina denied plaintiff's appeal at the second level of review, finding that plaintiff did not meet the requirements for a root canal pursuant to CDCR policy. In the decision, defendant Traquina found, inter alia, that x-rays taken on May 6, 2004 and July 27, 2004 "revealed [plaintiff]'s complement of teeth to be nearly 'complete', in other words, there are very few missing teeth and consequently, you have adequate chewing surfaces presently to maintain your chewing function." Defendants' Ex. A, at 13. At the time of his admission to state prison in December 2000, plaintiff was missing teeth # 1, 8, 9, 16, 17, and 32. Teeth 1, 16, 17 and 32 are third molars, also know as wisdom teeth. See http://www.ada.org/public/topics/tooth_number.asp. Teeth 8 and 9 are the central incisors. Id. On January 13, 2005, plaintiff's inmate appeal was denied at the third and final level of review.

Plaintiff paroled from state prison on January 15, 2005. Following his release, plaintiff was not able to schedule a dental appointment until April 8, 2005. Williby Affidavit, at

¶ 20. At that appointment, an x-ray was taken and plaintiff was scheduled to see an endodontist on June 13, 2005 for a root canal. Id. At the June 13, 2005 appointment, the endodontist told plaintiff it was too late for a root canal and the tooth was extracted. Id. at ¶¶ 20-21.

As a result of the foregoing, "plaintiff endured, for an extended period of time, bleeding, swollen and pus filled gums, incidents of unremitting pain, . . . humiliation through halitosis and the inability to eat fresh fruits, vegetables and other foods without pain or discomfort." Williby Affidavit, at ¶ 19. Plaintiff was unable to eat on the right side of his mouth for over a year, and ultimately the tooth at issue cracked in half. Id.

II. Cross-Motions

    A. Eighth Amendment Claim

Defendants seek summary judgment on plaintiff's Eighth Amendment claim on the grounds that plaintiff's need for dental care was not "objectively serious" and that they were not deliberately indifferent to that need. In addition, defendants Carey, Kanan and Woodford seek summary judgment on the ground that none of them were personally involved in the events complained of. In his cross-motion for summary judgment, plaintiff contends, inter alia, that defendants were deliberately indifferent to his serious medical need for proper treatment of his tooth pain and decay. Plaintiff also contends that defendants' policy of extracting teeth in lieu of providing root canals violates the Eighth Amendment.

In order to prevail on his Eighth Amendment claim plaintiff must prove that he had a "serious medical need" and that defendants acted with "deliberate indifference" to that need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A medical need is serious if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting Estelle, 429 U.S. at 104). Deliberate indifference is proved by evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere negligence is insufficient for Eighth Amendment liability. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Whether a defendant had requisite knowledge of a substantial risk is a question of fact and a fact finder may conclude that a defendant knew of a substantial risk based on the fact that the risk was obvious. Farmer, 511 U.S. at 842. While the obviousness of the risk is not conclusive, a defendant cannot escape liability if the evidence shows that the defendant merely refused to verify underlying facts or declined to confirm inferences that he strongly suspected to be true. Id. Deliberate indifference specifically to medical needs "may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003).

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted). Additionally, "a plaintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (as amended) (1996). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to the plaintiff's health. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir.2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996) (citing Farmer, 551 U.S. at 837), cert. denied, 519 U.S. 1029 (1996).

Plaintiff's Eighth Amendment claim arises from a dispute he had with the treating dentists over whether extraction of the tooth or a root canal was the proper course of treatment for the tooth, and with CDCR policymakers over CDCR's policy limiting the circumstances

under which inmates can be provided with root canals. The undisputed facts establish that the condition of plaintiff's tooth was a serious medical need within the meaning of Eighth Amendment jurisprudence. Both defendant Sheeran and defendant Kurk recommended extraction of the tooth and told plaintiff that he would experience increasing pain if the tooth wasn't extracted. See Sheeran Declaration at ¶ 13; Kurk Declaration at ¶ 13.

The undisputed facts also show that care in the form of extraction of the tooth was available to plaintiff throughout the course of his incarceration, and that he was also provided with pain relief and the opportunity to return for emergency treatment of the symptoms caused by the tooth. Plaintiff has failed to present evidence sufficient to give rise to a triable issue of material fact that the course of treatment chosen by the doctors and dictated by CDCR policy was medically unacceptable and chosen in conscious disregard of an excessive risk to plaintiff's health. For that reason, there is no triable issue of material fact over whether defendants acted with deliberate indifference to plaintiff's serious medical need, and defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim.[2]

B. State Law Negligence Claims

Defendants contend that the court should decline to exercise supplemental jurisdiction over plaintiff's state law negligence claims. Pursuant to 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over plaintiff's state law claims if all of plaintiff's federal claims are dismissed. See 28 U.S.C. § 1367(c)(3). Because defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim, the court should decline to exercise jurisdiction over plaintiff's state law claims and those claims should be dismissed.

---

[2] As noted above, defendants Carey, Kanan and Woodford also seek summary judgment on the ground that there is no evidence of their personal involvement in the events complained of and the record is insufficient to support imposition of liability on them based on their supervisorial roles in the prison system. The court needn't reach this alternative ground because the record does not demonstrate a triable issue of material fact on the substance of plaintiff's Eighth Amendment claim.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 7, 2008 motion for summary judgment be denied;

2. Defendants' January 8, 2008 motion for summary judgment be granted;

3. Summary judgment be entered for defendants on plaintiff's Eighth Amendment claim; and

4. Plaintiff's state law claims be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2008.

UNITED STATES MAGISTRATE JUDGE

12
will2560.msj